# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAM ALAG,

    *Plaintiff*

v.

GEICO CASUALTY COMPANY,

    *Defendant*.

Civil Action No. 2:22-cv-00155

Magistrate Judge Lisa Pupo Lenihan

**COMPLAINT**

Filed on Behalf of:
Plaintiff

Marc J. Reiter, Esquire
PA ID 76252
Law Offices of Marc J, Reiter, Esquire
First & Market Building
100 First Avenue, Suite 650
Pittsburgh, PA 15222
Phone: 412.338.0888
Fax: 412.338.7182

**JURY TRIAL DEMANDED**

**NOTICE TO PLEAD:**
You are hereby notified to file a written response to the enclosed Complaint within 20 days from service hereof or a judgment may be entered against you.

_____
Marc J. Reiter, Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAM ALAG, | ) Civil Action No. 2:22-cv-00155 |
| Plaintiff, | ) Magistrate Judge Lisa Pupo Lenihan |
| v. | ) |
| GEICO CASUALTY COMPANY, | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

AND NOW, comes the Plaintiff, Sam Alag, by and through his attorney, Marc J. Reiter, Esquire, and sets forth the following Complaint:

1. Plaintiff is an adult individual who resides at 524 Friel Road, Baden, Pennsylvania 15005.

2. Defendant Geico Casualty Company (hereinafter "Geico"), is a corporation organized under the laws of Virginia with its principal place of business at One Geico Boulevard, Fredericksburg, Virginia 22412-0003.

3. This court has jurisdiction under 28 USC § 1332.

4. On December 18, 2017, at approximately 21:58 hours, Plaintiff was the operator of a vehicle traveling north on State Route 119 North, Fayette County, Pennsylvania.

5. On December 18, 2017, at approximately 21:58 hours, at the same location above, Loretta Adamson (hereinafter "tortfeasor") was traveling south in the northbound lane of SR 119, and struck a motor vehicle operated by Raymond Alag head-on. Subsequently the motor vehicle operated by the Plaintiff rear-ended the motor vehicle operated by Raymond Alag.

6. As a direct and proximate result of the aforesaid negligence and carelessness of the tortfeasor, Plaintiff suffered serious injuries, some or all of which may be permanent in nature, including but not limited to:

    a. Cerebral Concussion

    b. Post Traumatic Headaches;

    c. Chronic Migraine Disorder.

    d. Bilateral neck pain/injury

    e. Low back pain/injury

    f. Right knee pain/injury

7. As a direct and proximate result of the aforesaid negligence and carelessness of the tortfeasor, Plaintiff has been caused to suffer and/or will and/or may continue to be caused to suffer the following damages:

    a. Past, present and future pain;

    b. Past, present and future emotional suffering;

    c. Past, present and future physical limitations and loss of use of the injured and damaged parts of her person;

    d. Past, present and future loss and/or impairment of earnings and/or earning capacity;

    e. Future loss of the ability to carry out his customary and/or vocational duties and activities;

    f. Past, present and future medical expenses;

    g. Past, present and future loss of the daily enjoyment of life and life's pleasures; and

    h. Humiliation and embarrassment.

8. Plaintiff forwarded all of his medical records to Geico by January 27, 2021 including a narrative report of Dr. Jonathan French and a narrative report of Dr. Josif Stacik as

well as request for accommodations the Plaintiff received from his doctor in relation to his college studies.

9. Geico informed Plaintiff's counsel in February, 2021 that it wanted to have an Examination Under Oath and have an Independent Medical Examination.

10. Geico conducted an Examination Under Oath in or around April 12, 2021.

11. Geico never scheduled an Independent Medical Examination.

12. Plaintiff was delayed in graduating with a degree in Petroleum Engineering by one semester as a result of the injuries suffered in this accident and suffered wage loss as a result.

13. On or about July 14, 2021, Plaintiff's counsel provided a copy of Plaintiff's post-accident college academic transcripts and a copy of a US Department of Labor publication that indicated that the average wage for a Petroleum Engineer, the area of study of the Plaintiff, was $105,300.

14. Geico made an initial offer of settlement on or about August, 2021 of $30,000.

15. Geico, for the first time, requested a copy of Plaintiff's pre-accident university transcripts on or about mid -August, 2021.  Plaintiff provided the same on or about August 25, 2021.

16. Thereafter, Geico increased its offer from $30,000 to $33,000.

### COUNT I – BREACH OF CONTRACT

17. Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 16 as though the same were set forth at length herein.

18. At the time of the collision, the tortfeasor was insured by State Farm Insurance with bodily injury liability protection per person limits of $100,000.

19. The tortfeasor was the only person or entity responsible for the subject collision.

20. The tortfeasor's bodily injury policy limits are not adequate to compensate Plaintiff for the injuries and damages that he sustained as a result of the subject collision.

21. Plaintiff has sustained severe injuries in the collision.

22. At the time of the collision, Plaintiff was an insured driver through Defendant Geico, with the policy number of 4442-89-58-11 (hereinafter "Policy"). (A copy of the accompanying policy is attached hereto as Exhibit "A").

23. As party of the Policy, the policy owner purchased bodily injury limits in an amount greater than the minimum coverage required by Pennsylvania law, in order to protect the financial integrity of persons who may suffer bodily injury as a result of negligence while operating a motor vehicle.

24. As a result of said policy holder's election of bodily injury liability limits in an amount greater than the minimum coverage required by law, the policy owner paid, and Geico accepted, increased premiums.

25. At the time of the collision, the Policy covering Plaintiff provided for a total of $2,400,000.00 in underinsured motorist coverage.

26. The vehicle operated by the tortfeasor is an "underinsured motor vehicle" as defined by the Geico policy, in that the total limits of bodily injury liability insurance is less than the amount of Plaintiff's damages.

27. Plaintiff has fully complied with all of the terms, conditions and duties required under the Policy.

28. Geico failed to objectively and fairly evaluate Plaintiff's underinsured motorist claim.

29. Geico failed to promptly offer payment of a reasonable and fair value to Plaintiff's underinsured motorist claim.

30. Geico failed to fulfill the fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate the underinsured motorist claims in good faith.

31. For the reasons set forth above, Geico breached its duty under the Policy.

WHEREFORE, Plaintiff demands judgment against Defendant, Geico Casualty Company plus interest and costs and such other relief as this Honorable Court may deem appropriate.

## COUNT II – BAD FAITH

32. Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 31 as though the same were set forth at length.

33. The actions of Geico in handling Plaintiff's underinsured motorists claim constitute bad faith under 42 Pa. C.S.A. §8371 as follows:

   a. Failing to have an Independent Medical Exam performed.

   b. Failing to objectively and fairly evaluate Plaintiff's claim;

   c. Engaging in dilatory and abusive claims handling;

   d. Failing to adopt, implement or follow reasonable standards in evaluating Plaintiff's claim;

   e. Acting unreasonably and unfairly in response to Plaintiff's claim;

   f. Not attempting in good faith to effectuate a fair, prompt and equitable settlement of Plaintiff's claim in which the Defendant's liability under the Policy had become reasonably clear;

   g. Subordinating the interests of its insured and those entitled under its insured's coverage to its own financial monetary interests;

   h. Failing to reasonably and adequately investigate Plaintiff's claim;

   i. Failing to reasonably and adequately evaluate or review the medical documentation and other documentation, including college transcripts and wage loss information, provided and in Defendant's possession;

   j. Violating the fiduciary duty owed to the Plaintiff;

      k.      Acting unreasonably and unfairly by withholding underinsured motorist benefits justly due and owing to the Plaintiff;

      l.      Failing to make an honest, intelligent and objective settlement offer; and

      m.      Causing Plaintiff to expend money on the presentation of his claim.

34.     An insurer such as Geico owes a fiduciary, contractual and statutory obligation to those such as the Plaintiff.

35.     At all relevant times, Plaintiff fully complied with the terms and conditions of the Policy and all conditions precedent and subsequent to his right to recover under the Policy.

36.     For the reasons set forth above, Defendant violated the Policy of insurance, its obligations as an insurer, and has failed to act toward Plaintiff in good faith, for which Defendant is liable for compensatory and punitive damages, together with interest, attorney's fees, court costs and such other relief as the Court deems appropriate.

37.     Defendant has engaged in wanton and reckless conduct with regard to the welfare, interest and rights of the Plaintiff, and is liable for its bad faith conduct.

WHEREFORE, Plaintiff demands judgment against Defendant, Geico Casualty Company plus interest and costs and such other relief, including punitive damages, as this Honorable Court may deem appropriate.

### COUNT III – BREACH OF GOOD FAITH AND FAIR DEALING

38.     Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 37 as though the same were set forth at length.

39.     Defendant has breached its contractual and fiduciary duties of good faith and fair dealing owed to Plaintiff in general and in the following particulars:

      a.      By failing to objectively and fairly evaluate Plaintiff's claim;

  b. By engaging in dilatory and abusive claims handling;

  c. By failing to adopt, implement or follow reasonable standards and guidelines in evaluating and handling Plaintiff's claim;

  d. By acting unreasonably and unfairly in response to Plaintiff's claim;

  e. By not attempting in good faith to effectuate a fair, prompt and equitable settlement of Plaintiff's claim in which the Defendant's liability under the Policy had become reasonably clear;

  f. By subordinating the interests of its insured to its own financial monetary interests;

  g. By failing to reasonably and adequately investigate Plaintiff's claim;

  h. By failing to reasonably and adequately evaluate or review the medical documentation, wage loss documentation and college transcripts in Defendant's possession;

  i. In acting unreasonably and unfairly by withholding underinsured motorist benefits justly due and owing to the Plaintiff;

  j. By failing to make an honest, intelligent and objective settlement offer;

  k. In causing Plaintiff to expend money on the presentation of his claim;

  l. By failing to comminute Defendant results and findings of its investigation of the UIM claim to Plaintiff;

  m. In ignoring the medical findings, reports, diagnosis and opinions of Plaintiff's treating physician and surgeon;

  n. In failing to schedule an Independent Medical Examination.

40. An insurer such as Geico owes a fiduciary and contractual obligation to Plaintiff.

41. At all relevant times, Plaintiff fully complied with the terms and conditions of the Policy and all conditions precedent and subsequent to her right to recover under the Policy.

42. For the reasons set forth above, Defendant Geico has failed to act toward Plaintiff in good faith for which Defendant is liable to Plaintiff.

  WHEREFORE, Plaintiff demands judgment against Defendant, Geico Casualty Company plus interest and costs and such other relief as this Honorable Court may deem appropriate.

**COUNT IV – UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT**

43. Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 42 as though the same were set forth at length.

44. Pursuant to 73 P.S. §201-1 et seq. Pennsylvania Unfair Trade Practices and Consumer Protection Law (Consumer Law) Defendant had a statutory duty to refrain from unfair and deceptive activities in providing automobile insurance coverage and underinsured motorist benefits which were purchased by the policy holder.

45. Defendant made written promises and guarantees contained in the Policy of insurance including to pay Underinsured Motorist Benefits.

46. In the course of selling this Policy and investigating, evaluating and handling Plaintiff's underinsured motorist claim, Defendant violated the Consumer Law in the following ways:

   a. In misrepresenting and misleading Plaintiff and the policy holder by inferring underinsured motorist benefits would be paid when there was no intention of providing such benefits to Plaintiff after the motor vehicle accident. Defendant improperly denied and unreasonably and unilaterally delayed evaluation and payment in violation of 73 P.S. §201-2(4)(v); §201-2(4)(ix); §201-2(4)(xiv) and §201-2(4)(xxi);

   b. In advertising and selling an insurance policy with a promise that they would handle the claim in a manner in keeping with their single purpose of providing the policy holder and Plaintiff with as near perfect protection, as near perfect service as humanly possible when Defendant had no intention of doing so and maintained a defense minded posture in delaying

        and denying Plaintiff's claim.  73 P.S. §201-2(4)(v); §201-2(4)(ix); §201-2(4)(xiv) and §201-2(4)(xxi);

    c.    In refusing to provide any payment of underinsured motorist benefits under the policy;

    d.    In engaging in deceptive conduct which created the likelihood of confusion and misunderstanding as to when and how the claim would be handled and evaluated;

    e.    In ignoring and discounting the opinions and diagnosis of Plaintiff's treating physicians

47.    As a direct result of Defendant's violations of the Consumer Law, Plaintiff has not received the underinsured motorist benefits which are due and owing resulting in significant financial detriment.

48.    As a direct and proximate result of Defendant's conduct Plaintiff has incurred costs and fees associated with the pursuit of his claim.

49.    Because of the unlawful conduct of Defendant in violation of the Consumer Law Plaintiff is entitled to an award of treble damages, costs and attorney's fees pursuant to 73 P.S. §201-9.2(a).

WHEREFORE, Plaintiff demands judgment against Defendant, Geico Casualty Company plus interest and costs and such other relief as this Honorable Court may deem appropriate.

        RESPECTFULLY SUBMITTED:

        */s/ Marc J. Reiter*
        Marc J. Reiter, Esquire
        PA ID 76252
        Law Offices of Marc J. Reiter
        100 First Avenue, Suite 650
        Pittsburgh, PA 15222
        412-338-0888
        Attorney for Plaintiff